**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

GLADSTONE MESSAM,

        Petitioner,

        v.

SUPERINTENDENT,
EAST JERSEY STATE PRISON, et al.,

        Respondents.
_____

Civil Action No. 10-5157 (ES)

**OPINION**

**SALAS, District Judge**

    Petitioner Gladstone Messam ("Petitioner"), a state prisoner currently confined at East Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The named respondents are the Superintendent of East Jersey State Prison, the New Jersey Attorney General and the Essex County Prosecutor's Office. Because it appears from a review of the Petition that it is an unauthorized "second or successive" petition, it will be dismissed. *See* 28 U.S.C. § 2243.

**I.**     **Background and Procedural History**

    On January 13, 1989, Petitioner states that he was convicted in New Jersey Superior Court, Essex County, for murder, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose. *See* Memorandum of Law Supporting Petition for Habeas Corpus under 28 U.S.C. § 2254, Docket Entry No. 1 (the "Petition") at 6. Petitioner received a sentence of life imprisonment with a 30-year parole ineligibility period. *Id.* at 1 - 6. On October 12, 1992, the

Supreme Court of New Jersey denied Petitioner's application for certification. *See State v. Messam*, 130 N.J. 15 (1992). On November 9, 1992, Petitioner filed a petition for post-conviction collateral relief ("PCR"), alleging ineffective assistance of counsel. On March 26, 1993, the New Jersey Superior Court, Essex County, Law Division denied the PCR petition. Petition at 7. On June 13, 1994, the New Jersey Superior Court, Appellate Division affirmed. On October 12, 1994, the New Jersey Supreme Court denied the petition for certification. *See State v. Messam*, 138 N.J. 269 (1994).

On April 11, 1995, the Petitioner filed his first pro-se habeas petition pursuant to 28 U.S.C. § 2254 (the "Prior Petition"). *See Messam v. Morton*, Civil Action No. 95-1800. In the Prior Petition, Petitioner alleged: (1) the court should have suppressed evidence seized from his vehicle because it was obtained pursuant to a warrantless search without voluntary consent; (2) certain statements were admitted in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); (3) ineffective assistance of counsel for failing to competently litigate his suppression issues, and for opening the door to the admission of otherwise inadmissible hearsay; (4) the court failed to charge the jury on passion/provocation manslaughter which denied him the right to a fair trial; and (5) the cumulative effect of the errors resulted in the denial of a fair trial.

On August 1, 1996, the District Court denied the habeas petition and issued a certificate of appealability. *See* Civil Action No. 95-1800, Docket Entry Nos. 28 and 29. On November 19, 1997, the Third Circuit affirmed the order in an unpublished opinion. *See Messam v. Morton*, 133 F.3d 910 (3d Cir. 1997). The U.S. Supreme Court subsequently denied the petition for writ of certiorari. *Messam v. Morton*, 523 U.S. 1074 (1998).

In 1999, Petitioner's sister-in-law, Marcia Nesbeth, executed an affidavit containing

additional evidence. Petition at 8. Petitioner moved for a new trial based on newly discovered evidence in the Superior Court of New Jersey, Essex County. *Id.* at 8 - 9. On May 3, 2002, the court denied Petitioner's motion, and on November 17, 2004, the Superior Court of New Jersey, Appellate Division affirmed. *Id.* at 9; Docket No. A-5616-01T4. On March 10, 2005, the Supreme Court of New Jersey denied certification. *See State v. Messam*, 183 N.J. 214 (2005).

Petitioner filed an application for leave to file a second or successive petition with the Third Circuit Court of Appeals which the court denied on June 5, 2009. Petition, Ex. 1. The Court held that Petitioner failed to satisfy the requirements of 28 U.S.C. § 2244(b)(2) and (b)(3)© for filing a second or successive habeas petition. Moreover, it stated that applying § 2244 would not bar Petitioner from filing a second or successive petition that could have been filed under the law existing at the time his first petition was filed. *Id.*

On October 7, 2010, Petitioner filed the instant application. Petitioner alleges the following two grounds for habeas relief: (1) ineffective assistance of counsel and (2) the police failed to disclose that the search of Mr. Messam's vehicle was unwarranted in violation of Petitioner's Fourteenth Amendment due process rights. Petition at 1 - 2. To date, Petitioner has not sought the Third Circuit Court of Appeals' permission to file another successive petition.

**II.     Discussion**

    **A.     Rule 4**

Pursuant to Rule 4 of the Rules Governing Section 2254 cases, this Court may dismiss a petition for habeas corpus if it plainly appears on its face that the petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996). Rule 4 of the Rules Governing Section 2254 cases provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Under 28 U.S.C. § 2244(b)(3)(A), a District Court lacks jurisdiction over a second or successive § 2254 petition absent authorization from the Court of Appeals. Therefore, if Petitioner is plainly not entitled to relief due to a jurisdictional defect, the instant action may be dismissed in accordance with Rule 4. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

**B.   The Court Lacks Jurisdiction under § 2244(b)(4)**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). The AEDPA, however, does not define the phrase "second or successive." *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997). If a numerically second petition attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits, the petition is not subject to the requirement that the petitioner seek and receive permission from the court of appeals. *See, e.g., Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). On the other hand, if the first petition was adjudicated on the merits and the second petition raises the same claims in response to the same criminal judgment, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. §§

2244(b)(3) and (4).

The Court finds that the instant Petition is "second or successive." Petitioner presents identical claims that were previously presented in the Prior Petition. Specifically, Petitioner previously asserted both grounds for the instant Petition - (1) ineffective assistance of counsel, and (2) the invalidity of the unwarranted search - in the Prior Petition. Furthermore, the two petitions address the same criminal judgment, and the District Court dismissed the first petition on the merits. Accordingly, the instant Petition must be considered a "second or successive" petition within the meaning of the AEDPA.

Petitioner has also failed to show that he sought and received permission to file a second or successive petition from the Court of Appeals. Indeed, the Court of Appeals denied Petitioner's application for leave to file a successive Petition in June 2009, holding that "petitioner [had] not satisfied either of the standards set forth in 28 U.S.C. § 2244(b)(2) and (b)(3)©." Moreover, Petitioner has not submitted any documentation that he sought permission to file the instant Petition. Because the instant Petition is "second or successive," and has not been authorized by the Court of Appeals, this Court is without jurisdiction.

In deciding whether to dismiss or transfer an unauthorized second or successive habeas petition, the District Court should consider whether the petitioner alleges facts sufficient to bring the petition within the statutory gatekeeping requirements based on newly discovered evidence or a new rule of constitutional law. *See Watford v. Bartkowski*, No. 11-0319, 2011 U.S. Dist. LEXIS 76460, at *8-9 (D.N.J. July 14, 2011). Here, the Petition does not make a prima facie showing as

required under 28 U.S.C. § 2244(b)(2).[1] Petitioner does not purport to rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, 28 U.S.C. § 2244(b)(2)(A), and Petitioner does not show that the factual predicate for either of his claims could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2)(B)(I). Accordingly, this Court declines to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition and will dismiss the Petition for lack of jurisdiction. *See Watford,* 2011 U.S. Dist. LEXIS at *9 (citing *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010)).

### III. Conclusion

For the reasons set forth above, this matter must be dismissed as a prohibited second or successive habeas application. An appropriate order follows.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under Section 2254 that was not presented in a prior application shall be dismissed unless:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).